STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

HUMAN SERVICES CONSULTANTS, LTD,
d/b/a GERICARE and
RONALD MARK STEWART, M.D.,
Plaintiffs,

v.

ANN TAMULE a/k/a ANN M. SULLIVAN,
Alias, and MEDOPTIONS, INC.,
Defendants

CA 06 486ML

C.A. No. 2006-5439

**NOTICE OF REMOVAL TO FEDERAL COURT**

PLEASE TAKE NOTICE that the above-captioned matter was removed by Defendants, Ann Tamule a/k/a Ann M. Sullivan and MedOptions, Inc. to Federal Court by way of a Notice of Removal dated November 6, 2006, a copy of which is attached hereto.

ANN TAMULE a/k/a ANN M. SULLIVAN,
ALIAS, AND MEDOPTIONS, INC.,
Defendants,

By their Attorneys,

Christine K. Bush (#5587)
Robert J. O'Keefe (#6750)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: November 6, 2006

**CERTIFICATE OF SERVICE**

I certify that on the 6th day of November, 2006, I caused a true copy of the within *Notice of Removal to Federal Court* to be served via First Class Mail, postage prepaid, to:

Everett A. Petronio, Sr., Esq.
Law Office of Everett A. Petronio, Inc.
1239 Hartford Avenue
Post Office Box 19040
Johnston, RI 02919

*H:\Clients\MedOptions\Tamule\Pleadings\Notice of Removal to Fed. Ct. 11-06-06.DOC*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HUMAN SERVICES CONSULTANTS, LTD., d/b/a GERICARE and RONALD MARK STEWART, M.D., Plaintiffs, | : | |
| v. | : | CA 06 486 ML<br>C.A. No. |
| ANN TAMULE a/k/a ANN M. SULLIVAN, Alias, and MEDOPTIONS, INC., Defendants | : | |

**NOTICE OF REMOVAL**

Defendants, Ann Tamule a/k/a Ann M. Sullivan ("Sullivan") and MedOptions Inc. ("MedOptions") (collectively "Defendants"), specially appearing through counsel and without waiving any defenses herein or submitting to personal jurisdiction or venue, hereby notice the removal of this action pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof show that:

1. This Court has original jurisdiction over this civil action based on the existence of diversity of citizenship under 28 U.S.C. § 1332. Removal to this Court is therefore appropriate pursuant to 28 U.S.C. § 1441.

2. Plaintiffs, Human Services Consultants, Ltd. d/b/a GeriCare ("GeriCare") and Ronald Mark Stewart, M.D. ("Stewart) (collectively "plaintiffs"), commenced this action in the Superior Court of Rhode Island, judicial district of Providence/Bristol ("the State Court"), entitled "Human Services Consultants, Ltd, dba GeriCare, Ronald Mark Stewart MD, *Plaintiffs* vs. Ann Tamule, aka Ann M. Sullivan, Alias, and MedOptions Inc., *Defendants*" by filing a Summons and Complaint with the State Court on or about October 17, 2006. The State Court action has been denominated as C.A. No. 2006-5439. Defendants first received a copy of the

Summons and Complaint on October 17, 2006. A copy of the Complaint is attached hereto as Exhibit A.

## THE PARTIES

3. Plaintiff GeriCare is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business located in Providence, Rhode Island. (Complaint ¶ 1). GeriCare is therefore a citizen of the State of Rhode Island. 28 U.S.C. § 1332(c)(1).

4. Plaintiff Stewart is an individual residing in and a citizen of the State of Rhode Island. (Complaint ¶ 2).

5. Defendant Sullivan is an individual residing in and a citizen of the Commonwealth of Massachusetts. (Complaint ¶ 4).

6. Defendant MedOptions is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Avon, Connecticut. See (Complaint ¶ 3). MedOptions is therefore a citizen of the State of Connecticut and the State of Delaware. 28 U.S.C. § 1332(c)(1).

## THE STATE COURT ACTION

7. In a three-count Complaint, Plaintiffs assert claims for breach of contract and interference with advantageous business relationships allegedly stemming from Sullivan's breach of a noncompete agreement and her subsequent employment by MedOptions. Plaintiffs seek to recover, *inter alia,* damages for the loss of potential and future income plus interest, costs, attorneys' fees and punitive damages in an unspecified amount that would be in excess of $75,000.

## THIS COURT'S REMOVAL JURISDICTION

8. This Court's removal jurisdiction is premised on 28 U.S.C. §§ 1441(a) and (b).

Section 1441(a) provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Section 1441(b) provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state of which such action is brought.

9. The State Court action is within the original jurisdiction of this Court based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332 provides, in pertinent part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different states;
>
> (2) citizens of a state and citizens or subjects of a foreign state;
>
> ******
>
> (c) For the purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business....

10. At the time the State Court action was commenced, and through filing of the Summons and Complaint and the date of filing this Notice of Removal, Defendants were and are citizens of the State of Connecticut, the State of Delaware, and the Commonwealth of Massachusetts. Plaintiffs are not citizens of these states, but rather are citizens of Rhode Island. Complete diversity therefore exists as between Plaintiffs on the one hand and Defendants on the other.

11. The Complaint, moreover, seeks relief stemming from the alleged total loss of business from at least six nursing care centers and facilities that, in combination with other damage demands, including Plaintiffs' claim for punitive damages, is substantially in excess of $75,000 in value. (Complaint ¶¶ 7, 19). Because there exists complete diversity of citizenship as between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, this Court has original diversity jurisdiction over this matter.

12. Copies of the State Court pleadings and docket will be submitted within ten (10) days.

13. This Notice of Removal will be filed with the Clerk of the Superior Court of Rhode Island for the counties of Providence/Bristol and will be served on Plaintiffs in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this action be removed to the United States District Court for the District of Rhode Island, and that there be no further proceedings in the State Court unless and until the case is remanded.

ANN TAMULE a/k/a ANN M. SULLIVAN,
ALIAS, AND MEDOPTIONS, INC.,
Defendants,

By their Attorneys,

Christine K. Bush (#5587)
Robert J. O'Keefe (#6750)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: November 6, 2006

**CERTIFICATE OF SERVICE**

I certify that on the 6th day of November, 2006, I caused a true copy of the within *Notice of Removal to Federal Court* to be forwarded via First Class Mail, postage prepaid, to:

Everett A. Petronio, Sr., Esq.
Law Office of Everett A. Petronio, Inc.
1239 Hartford Avenue
Post Office Box 19040
Johnston, RI 02919

*H:\Clients\MedOptions\Tamule\Pleadings\Fed Ct. Notice of Removal 11-06-06.DOC*