**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HUMAN SERVICES CONSULTANTS, LTD, d/b/a GERICARE, and RONALD MARK STEWART M.D., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 1:06-cv-00486-ML-DLM |
| ANN TAMULE, a/k/a, ANN M. SULLIVAN, alias, and MEDOPTIONS INC., | : | |
| Defendants. | : | |

**ANSWER**

As their Answer to the Complaint filed by and on behalf of Plaintiffs, Human Services Consultants, Ltd. d/b/a GeriCare ("GeriCare") and Ronald Mark Stewart M.D. ("Stewart") (collectively "Plaintiffs"), in the above-captioned case, Defendants, Ann M. Sullivan ("Sullivan") and MedOptions, Inc. ("MedOptions") (collectively "Defendants"), admit, deny and allege as follows:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint, except to admit that MedOptions is a Connecticut-based corporation that does business within the State of Rhode Island.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint except to admit that Sullivan is "currently a resident of the Commonwealth of Massachusetts ..."

5. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint purports to recite provisions of the Agreement, which speaks for itself. Any legal conclusions concerning these recitations do not require an answer.

12. Defendants admit the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint except to admit that "[f]or a period of approximately four (4) years, Sullivan provided services to the business customers and clients of GeriCare under the business name of GeriCare."

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint except to admit that on or about April 9, 2006, Sullivan notified Gericare that she intended to resign effective June 1, 2006.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint except to deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs "attempted to engage the services of other qualified practitioners to provide the services previously provided by Sullivan."

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as to what Plaintiffs ostensibly "learned through a third party" but deny the substantive and remaining allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

**COUNT I**

**BREACH OF CONTRACT**

28. Defendants adopt, re-allege and incorporate by reference the responses contained in Paragraphs 1 through 27 of the Answer fully and completely as if set forth herein.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

**COUNT II**

**INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP**

32. Defendants adopt, re-allege and incorporate by reference the responses contained in Paragraphs 1 through 31 of the Answer fully and completely as if set forth herein.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

**COUNT III**

**INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP**

35. Defendants adopt, re-allege and incorporate by reference the responses contained in Paragraphs 1 through 34 of the Answer fully and completely as if set forth herein.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny all allegations of the Complaint that are not expressly admitted herein.

38. In response to the "pray[er] for judgment," Defendants deny that Plaintiffs have stated a cognizable claim that would entitle them to any relief whatsoever including the relief set forth in their Complaint.

## DEFENSES

Defendants allege the following defenses to the claims alleged by Plaintiffs in the Complaint.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred because the restrictive covenants contained within the Agreement, as amended, are violative of the law and public policy of the State of Rhode Island and are unenforceable.

## THIRD DEFENSE

Plaintiffs have waived and should be estopped from asserting some or all of their claims.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of "unclean hands."

## FIFTH DEFENSE

Defendants' actions were undertaken in furtherance of legitimate business objectives and were privileged.

WHEREFORE, Defendants pray:

1. That the Complaint be dismissed, with prejudice, and that judgment be entered in favor of Defendants;

2. For costs in defending this action, including attorneys' fees; and

3. For such other relief as this Court deems just and proper.

DEFENDANTS,
Ann Tamule a/k/a Ann M. Sullivan,
Alias, and Medoptions, Inc.,

By their Attorneys,

/s/ Robert J. O'Keefe
rokeefe@duffysweeney.com
Christine K. Bush (#5587)
Robert J. O'Keefe (#6750)
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

Dated: November 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the 14th day of November, 2006.

Everett A. Petronio, Sr., Esq.
Law Office of Everett A. Petronio, Inc.
1239 Hartford Avenue
Post Office Box 19040
Johnston, RI 02919

/s/ Shawn S. Rice

*H:\Clients\MedOptions\Tamule\Pleadings\Plaintiffs' Answer11-14-06.DOC*