# LR Gen 206 APPEARANCES AND WITHDRAWALS

(a) **In General.** In order to appear on behalf of a party in this Court, counsel must be a member of the bar of this Court or must qualify under one of the exceptions set forth in LR 201(b).

(b) **Appearance.** The filing of a written entry of appearance or any other document signed on behalf of a party constitutes an entry of appearance for that party. Once counsel enters an appearance for a party, counsel shall be obliged to continue representing that party unless and until allowed to withdraw in accordance with these rules.

(c) **Designation of Counsel to Receive Notices.**

(1) **In General.** When a party is represented by more than one attorney from the same firm, the attorneys at that firm shall designate one of them for the purposes of receiving any notices, and any notice sent to the attorney so designated shall constitute notice to all counsel at that firm.

(2) **Attorneys for the United States.** When the Government is represented by more than one attorney from an agency or department of the United States at any geographical location, the attorneys at that location shall designate one of them for the purposes of receiving any notices, and any notice sent to the attorney so designated shall constitute notice to all counsel of the agency or department at that location.

(d) **Designation of Lead Counsel.** Each party shall designate one attorney to act as lead counsel for the case. Lead counsel shall have primary responsibility for the case.

(e) **Withdrawal of Appearance.** An attorney may withdraw his or her appearance on behalf of a party in the following manner:

(1) If there are no motions pending before the Court and no trial date has been set, the attorney may serve and file a notice of withdrawal on his or her client and all other parties, accompanied by an entry of appearance by successor counsel certifying that he or she is familiar with the case and is or will be fully prepared to address any matters pending in the case, including trial, without delaying the case; or

(2) Otherwise, the attorney must file a motion to withdraw, together with:

(A) An affidavit attesting to the fact that the party is not in the military service of the United States as defined in the Soldiers' and Sailors' Civil Relief Act [50 App. U.S.C. § 501 *et seq*], as amended; and,

(B) A certification that:

(i) the client has been notified of the motion by both regular mail, postage prepaid, and by certified or registered mail, return receipt requested, or by any other method that satisfies the Court that notice has been given to the client; and,

(ii) the client has been advised that he or she may object to the motion and that any failure or delay in retaining substitute counsel may not be considered grounds for delaying the trial or any other matter scheduled in the case; and,

(C) The client's current address and a representation that counsel has made a reasonable effort to confirm that notices sent to that address are likely to be received by the client; and,

(D) A description of any motions or other matters pending in the case and a statement regarding the anticipated trial date.

**CROSS-REFERENCE**

<u>See</u> LR Gen 204 (admission and practice by *pro hac vice* attorneys).