**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HUMAN SERVICES CONSULTANTS, LTD., dba GERICARE RONALD MARK STEWART MD** **Plaintiffs** | : | |
| **vs.** | : | **C.A. # 06-486** |
| **ANN TAMULE, aka ANN M. SULLIVAN, Alias, and MEDPTIONS INC.** **Defendants** | : | |

## PLAINTIFFS' RULE 16 STATEMENT

Plaintiff Ronald Mark Stewart is a psychiatrist practicing in the State of Rhode Island. He is the sole owner and shareholder of the Plaintiff corporation, Human Services Consultants, Ltd., which provides psychiatric services. Human Services Consultants has a subsidiary, GeriCare, which specializes in psychiatric services to the elderly in nursing homes and facilities. Since its formation in 2000, GeriCare has forged successful business relationships with a number of nursing homes throughout Rhode Island. Those facilities contracted with and renewed those contracts with GeriCare. Also, during the course of those business relationships, GeriCare has developed specialized business practices to allow it to fulfill the unique needs of its clientele.

In June, 2002, Defendant Ann Sullivan, entered into a contract with GeriCare, under which Defendant Sullivan was to provide her services as nurse practitioner. As part of that contract, Defendant Sullivan entered into a written agreement that she would not directly ". . . own, operate, consult to or be employed by any firm in a business substantially similar to or

competitive with the present business of the Company or such business activity in which the Company may engage during the term of the agreement and for six months thereafter."

Defendant Sullivan resigned from GeriCare effective June 1, 2006. Roughly around the time that she had left, she had suggested to Plaintiffs that she was more interested in religious matters, and expressly indicated that she would not be servicing any more of Plaintiff's clients. Plaintiffs began seeking a replacement for Defendant Sullivan. This effort was unsuccessful. As a result, Plaintiffs were required to exit their agreements with a number of longstanding clients.

Several months later, Plaintiffs learned that even after her effective resignation date, Defendant Sullivan had in fact been providing Plaintiffs' clients with substantially the same services which she had provided while under contract with GeriCare. It also came to the attention of Plaintiffs that Defendant Sullivan was under contract with Defendant MedOptions. Defendant MedOptions, a Connecticut corporation, performs substantially the same services and competes for the same market as GeriCare. Plaintiffs also learned that MedOptions had taken over a number of Plaintiffs' contracts with nursing homes and facilities.

This conduct was in direct contravention of the agreement between Plaintiffs and Defendants Sullivan. Accordingly, Plaintiffs brought this action against Defendants Sullivan and MedOptions, alleging breach of the non-compete agreement and tortious interference with the Plaintiffs' business relationships. Although this action was originally brought in the Providence County Superior Court, it was subsequently removed to this Court. As their basis, Defendants alleged diversity of the parties. Plaintiffs seek damages for the breach of the non-compete agreement and tortious interference with its business relationships.

Respectfully submitted,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
May 31, 2007
srobinson@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on May 31, 2007 I sent a true copy of the within by electronic filing to all of the parties listed: Christine K. Bush, Esq., Duffy Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, RI 02903; Lawrence Peikes, Esq., Wiggin & Dana, LLP, 400 Atlantic Street, P.O. Box 110325, Stamford, CT 06911-0325.

/s/ Vicki J. Bejma