**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HUMAN SERVICES CONSULTANTS, LTD.,** | : | |
| **dba GERICARE** | : | |
| **RONALD MARK STEWART MD** | : | |
| **Plaintiffs** | : | |
| | : | |
| | : | |
| | : | |
| **vs.** | : | **C.A. # 06-486** |
| | : | |
| | : | |
| **ANN TAMULE, aka ANN M. SULLIVAN,** | : | |
| **Alias, and MEDPTIONS INC.** | : | |
| **Defendants** | : | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT MEDOPTIONS TO PROVIDE MORE RESPONSIVE ANSWERS TO REQUESTS FOR PRODUCTION**

## I. INTRODUCTION

The underlying case involves a breach of a non-compete agreement between Plaintiff Human Services Consultants, Ltd., dba GeriCare, and Defendant Ann Sullivan. GeriCare, a division of Plaintiff Human Services Consultants, Ltd., is in the business of providing psychiatric and mental health services to nursing home patients across the state. GeriCare provides its services on a contract basis with the nursing homes themselves.

Defendant Sullivan was first retained by GeriCare as a nurse practitioner in 2002. When initially retained, Defendant Sullivan signed an agreement indicating that she would "not directly or indirectly compete with the business of the company (GeriCare) during the period of contraction" and that Defendant Sullivan would not directly "own, operate, consult to or be employed by any firm in a business substantially similar to or competitive with the present business of the Company or such business activity in which the Company may engage during the

term of the agreement and for six (6) months thereafter." (Exhibit A, attached.) Defendant Sullivan signed another agreement containing identical language in 2004. (Exhibit B, attached.)

On or about April 9, 2006, Defendant Sullivan informed GeriCare that she intended to resign from GeriCare effective June 1, 2006. (Exhibit C.) GeriCare attempted to replace Defendant Sullivan's services, but were unable to do so. As a result, GeriCare was forced to resign their contracts with a number of nursing home clients in order to protect the interests of their patients. In August of 2006, Plaintiffs learned that Defendant Sullivan had been retained by Defendant MedOptions, a Connecticut-based corporation. While working for Defendant MedOptions, Defendant Sullivan was performing substantially the same services as she had provided for GeriCare. Defendant Sullivan was performing these services in many of the same nursing homes in which she had previously worked on behalf of GeriCare – which now had contracts with MedOptions.

The Plaintiffs commenced the instant action in Providence County Superior Court on or about October 17, 2007. Said action was subsequently removed. Plaintiffs brought three counts against the Defendants. Count I alleged that the Defendants had, in conjunction with one another, breached Tamule's agreement with MedOptions. Count II alleged that the Defendants, acting in concert, had tortiously interfered with GeriCare's business relationships by Defendant Tamule's continuing to work at the nursing homes formerly serviced by GeriCare. Count III alleged that Defendants had conspired to destroy Plaintiffs' business relationships.

## II. MORE RESPONSIVE ANSWERS REQUIRED

**<u>Request #1:</u>** The complete contents of any personnel file maintained by Defendant MedOptions with respect to Defendant Sullivan.

> **Defendant's Response:** MedOptions objects to this request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. In addition, MedOptions objects to this request on

the ground that it seeks highly confidential information protected against disclosure by, *inter* alia, Connecticut's personnel files statute, Corm. Gen. Stat. § 31-128(f).

**Information sought:** A responsive answer to this request. Defendant's objection on the basis of relevancy is without merit, in that the personnel information contained in said file (dates of interview, applications, hire) are germane to determining whether Defendants conspired to divert GeriCare's clients, and when that conspiracy was established. Furthermore, Conn. Gen. Stat. § 31-128(f) specifically permits disclosures in response to a judicial order, or to comply with federal law. This exception embraces the Federal Rules of Civil Procedure governing discovery. *See* Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 73 (D.Conn. 2004)

**Request #5:** Any and all documents reflecting each and every occasion upon which Defendant MedOptions, its directors, officers, agents, or employees communicated with the following nursing homes regarding services to be provided by Defendant Sullivan and/or Defendant MedOptions to said nursing homes and/or their patients:

i) Grandview Center of Cumberland, Rhode Island;
ii) The Holiday in Lincoln, Rhode Island;
iii) Heritage Hills Nursing Center in Smithfield, Rhode Island;
iv) Ballou Home in Woonsocket, Rhode Island;
v) Morgan Health Care Center in Johnston, Rhode Island;
vi) Eastgate Nursing & Recovery Center in East Providence, Rhode Island
vii) Hebert Nursing Home in Smithfield, Rhode Island;
viii) Pine Grove Health Center in Pascoag, Rhode Island
ix) Haven Health in Greenville, Rhode Island

**Defendant's Response:** MedOptions objects to this request on the grounds that it is overly broad in time and scope, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. In addition, MedOptions objects to this request on the ground that it seeks highly confidential proprietary documents. Subject to and without waiving these objections, see documents produced in response to Request No. 2.

**Information Sought:** A responsive answer to this Request. Defendant MedOptions' objections are not valid, in that communications regarding MedOptions' solicitations to the nursing homes and discussions leading up to a contract are clearly relevant to this action for interference with business relationships. These communications are also relevant to the claims against Defendants regarding the breach of Defendant Sullivan's non-compete agreement. Furthermore, Defendant has failed to provide a privilege log.

**Request #6:** Any and all documents reflecting each and every occasion upon which Defendant Sullivan and/or Defendant MedOptions, its directors, officers, agents, or employees communicated with the following nursing homes from 2000 to the present:

i) Grandview Center of Cumberland, Rhode Island;

ii) The Holiday in Lincoln, Rhode Island;
iii) Heritage Hills Nursing Center in Smithfield, Rhode Island;
iv) Ballou Home in Woonsocket, Rhode Island;
v) Morgan Health Care Center in Johnston, Rhode Island;
vi) Eastgate Nursing & Recovery Center in East Providence, Rhode Island
vii) Hebert Nursing Home in Smithfield, Rhode Island;
viii) Pine Grove Health Center in Pascoag, Rhode Island
ix) Haven Health in Greenville, Rhode Island

**Defendant's Response:** MedOptions objects to this request on the grounds that it is overly broad in time and scope, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. In addition, MedOptions objects to this request on the ground that it seeks highly confidential proprietary documents. Subject to and without waiving these objections, there are no documents responsive to this request other than those already produced.

**Information Sought:** A responsive answer to this Request. Defendant MedOptions' objections are not valid, in that communications regarding MedOptions' solicitations to the nursing homes and discussions leading up to a contract are clearly relevant to this action for interference with business relationships. These communications are also relevant to the claims against Defendants regarding the breach of Defendant Sullivan's non-compete agreement. Furthermore, Defendant has failed to provide a privilege log.

**Request #7:** Any and all documentation of services provided by Defendant Sullivan on behalf of MedOptions for the nursing homes referenced in Requests to Produce 2 and 5 above, including patient log sheets, explanation of benefits from insurance companies, and billing statements for patients serviced by Defendant Sullivan.

**Defendant's Response:** MedOptions objects to this request on the grounds that it is overly broad in time and scope, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

In addition, MedOptions objects to this request on the ground that it seeks highly confidential documents concerning patients that is legally protected against disclosure.

**Information Sought:** A responsive answer to this request. The damages to Plaintiffs were largely in the form of patient revenues derived from insurers. Accordingly, information regarding the services are germane to the calculation of damages. Furthermore, documentation regarding Defendant's start dates are germane to the claims against her for breach of contract. Identifying information to the patient can be redacted. Finally, Defendant has failed to provide a privilege log.

Respectfully submitted,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 26, 2007
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 26, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on November 26, 2007, I sent a true copy of the within by electronic service to all of the parties below:

Christine K. Bush, Esq.
Rachelle Green, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325

/s/ Vicki J. Bejma