**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HUMAN SERVICES CONSULTANTS, LTD., dba GERICARE RONALD MARK STEWART MD** <br> **Plaintiffs** | : | |
| **vs.** | : | **C.A. # 06-486** |
| **ANN TAMULE, aka ANN M. SULLIVAN, Alias, and MEDPTIONS INC.** <br> **Defendants** | : | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT MEDOPTIONS TO PROVIDE MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

The underlying case involves a breach of a non-compete agreement between Plaintiff Human Services Consultants, Ltd., dba GeriCare, and Defendant Ann Sullivan. GeriCare, a division of Plaintiff Human Services Consultants, Ltd., is in the business of providing psychiatric and mental health services to nursing home patients across the state. GeriCare provides its services on a contract basis with the nursing homes themselves.

Defendant Sullivan was first retained by GeriCare as a nurse practitioner in 2002. When initially retained, Defendant Sullivan signed an agreement indicating that she would "not directly or indirectly compete with the business of the company (GeriCare) during the period of contraction" and that Defendant Sullivan would not directly "own, operate, consult to or be employed by any firm in a business substantially similar to or competitive with the present business of the Company or such business activity in which the Company may engage during the term of the agreement and for six (6) months thereafter." (Exhibit A, attached.) Defendant Sullivan signed another agreement containing identical language in 2004. (Exhibit B, attached.)

On or about April 9, 2006, Defendant Sullivan informed GeriCare that she intended to resign from GeriCare effective June 1, 2006. (Exhibit C.) GeriCare attempted to replace Defendant Sullivan's services, but were unable to do so. As a result, GeriCare was forced to resign their contracts with a number of nursing home clients in order to protect the interests of their patients. In August of 2006, Plaintiffs learned that Defendant Sullivan had been retained by Defendant MedOptions, a Connecticut-based corporation. While working for Defendant MedOptions, Defendant Sullivan was performing substantially the same services as she had provided for GeriCare. Defendant Sullivan was performing these services in many of the same nursing homes in which she had previously worked on behalf of GeriCare – which now had contracts with MedOptions.

The Plaintiffs commenced the instant action in Providence County Superior Court on or about October 17, 2007. Said action was subsequently removed. Plaintiffs brought three counts against the Defendants. Count I alleged that the Defendants had, in conjunction with one another, breached Tamule's agreement with MedOptions. Count II alleged that the Defendants, acting in concert, had tortiously interfered with GeriCare's business relationships by Defendant Tamule's continuing to work at the nursing homes formerly serviced by GeriCare. Count III alleged that Defendants had conspired to destroy Plaintiffs' business relationships.

**Interrogatory #2:** Identify all health care facilities and/or patients for which the Defendant Ann Sullivan has provided services on behalf of Defendant MedOptions, setting forth the names, addresses, and telephone numbers of said health care facilities and/or patients, the dates on which said services were provided, a brief summary of the nature of the services provided, and the revenue generated for Sullivan and/or Defendant MedOptions for such services rendered.

> **Defendant's Response:** MedOptions objects to this interrogatory on the ground that it is overly broad in scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. In addition, Med0plions objects to this interrogatory on the ground that it seeks highly confidential proprietary information. Further, to the extent this interrogatory seeks individual patient names, MedOptions objects on the ground that such personal information is private and

legally protected against disclosure. Subject to and without waiving these objections, during the course of her association with MedOptions, Ms. Sullivan provided services to Grandview Center, Cumberland, RI; The Holiday, Lincoln, RI; Heritage Hills Nursing Center, Smithfield, RI; Ballou Home, Woonsocket, RI; and Morgan Health Care Center, Johnston, RI; Hebert Nursing Home, Smithfield, RI; Pine Grove Health Care Center, Pascoag, RI.

**Information Sought:** A complete response to this Interrogatory. This response is deficient in that it does note provide the dates upon which services were provided, the nature of said services, patient names (an identifying number would be acceptable in lieu of a name), and the revenue to either Defendant for said services. Furthermore, Defendant has failed to provide a privilege log.

**<u>Interrogatory #3:</u>** If Defendant MedOptions and/or its directors, or officers have been a party to any civil, criminal, or administrative action in the past, identify the name and case number of said case, the court or administrative agency in which said action was filed, and the date and nature of the final disposition, if any, or if no disposition has been reached, the current status.

**Defendant's Response:** MedOptions objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. In addition, MedOptions objects to this interrogatory as unbounded in time or scope, and therefore overly broad.

**Information Sought:** A responsive answer to this Interrogatory. MedOptions' objection is not valid, in that its previous litigation history is reasonably calculated to lead to discoverable information, particularly if it has been sued for interference with business relationships or other unfair business practices in the past.

**<u>Interrogatory #4:</u>** Describe each and every occasion upon which Defendant MedOptions, its directors, officers, agents, or employees communicated with Defendant Sullivan regarding any agreement or potential agreement under which Defendant Sullivan would provide services on behalf of MedOptions, including but not limited to the date, time, place, and manner of the communication; the name, title, address, and telephone numbers of any persons present or having knowledge of said communication; a brief summary of the nature of the communication; and the name, title, address, and telephone number of any person having custody of any record of said communications.

**Defendant's Response:** On or about May 1, 2006, Ms. Sullivan contacted MedOptions in response to a newspaper or web-based classified ad. Ms. Sullivan was thereafter interviewed by MaryArm Wright, MedOptions' Director of Recruiting, and completed the interviewing process, culminating in an offer of employment. MedOptions has no record of any further details.

**Information Sought:** A responsive answer to this Interrogatory. Defendant MedOptions' objection is not valid, in that the specific dates and times of contacts leading up to the retention of Defendant Sullivan is clearly relevant to the issue of

whether Defendant MedOptions induced Defendant Sullivan to breach the agreement and/or tortiously interfered with Plaintiffs' business relationships. Furthermore, given that during her November 5, 2007, Defendant Sullivan has testified to interviews with Defendant's Vice President and nursing supervisor Melissa Ferdinandi (Exhibit D, p. 97-100), it appears that Defendant MedOptions has not made diligent efforts to investigate what contacts took place between Defendant MedOptions and Defendant Sullivan leading up to the retention of Defendant Sullivan.

**Interrogatory #6:** Describe each and every occasion upon which Defendant Sullivan and/or Defendant MedOptions communicated with the following nursing homes regarding the provision of services to said nursing homes (and/or their patients) by Defendant Sullivan and/or Defendant MedOptions, including but not limited to the date, time, place, and manner of the communication; the name, title, address, and telephone numbers of any persons present or having knowledge of said communication; a brief summary of the nature of the communication; and the name, title, address, and telephone number of any person having custody of any record of said communications:

i) Grandview Center of Cumberland, Rhode Island;
ii) The Holiday in Lincoln, Rhode Island;
iii) Heritage Hills Nursing Center in Smithfield, Rhode Island;
iv) Ballou Home in Woonsocket, Rhode Island;
v) Morgan Health Care Center in Johnston, Rhode Island;
vi) Eastgate Nursing & Recovery Center in East Providence, Rhode Island
vii) Hebert Nursing Home in Smithfield, Rhode Island;
viii) Pine Grove Health Center in Pascoag, Rhode Island

**Defendant's Response:** MedOptions objects to this interrogatory on the grounds that it is overly broad in time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

In addition, MedOptions objects to this interrogatory on the ground that it seeks highly confidential proprietary information. Subject to and without waiving these objections. MedOptions has no records memorializing such communications.

**Information Sought:** A responsive answer to this Interrogatory. Defendant MedOptions' objections are not valid, in that communications regarding MedOptions' solicitations to the nursing homes and discussions leading up to a contract are clearly relevant to this action for interference with business relationships. These communications are also relevant to the claims against Defendants regarding the breach of Defendant Sullivan's non-compete agreement. Furthermore, Defendant has failed to provide a privilege log.

**Interrogatory #7:** Describe each and every occasion upon which Defendant Sullivan and/or Defendant MedOptions communicated with the following nursing homes, including but not

limited to the date, time, place, and manner of the communication; the name, title, address, and telephone numbers of any persons present or having knowledge of said communication; a brief summary of the nature of the communication; and the name, title, address, and telephone number of any person having custody of any record of said communications:

i) Grandview Center of Cumberland, Rhode Island;
ii) The Holiday in Lincoln, Rhode Island;
iii) Heritage Hills Nursing Center in Smithfield, Rhode Island;
iv) Ballou Home in Woonsocket, Rhode Island;
v) Morgan Health Care Center in Johnston, Rhode Island;
vi) Eastgate Nursing & Recovery Center in East Providence, Rhode Island
vii) Hebert Nursing Home in Smithfield, Rhode Island;
viii) Pine Grove Health Center in Pascoag, Rhode Island

**Defendant's Response:** MedOptions objects to this interrogatory on the grounds that it is overly broad in time and scope, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

In addition, MedOptions objects to this interrogatory on the ground that it seeks highly confidential proprietary information. Subject to and without waiving these objections, see response to Interrogatory No. 6 above.

**Information Sought:** A responsive answer to this Interrogatory. Defendant MedOptions' objections are not valid, in that communications regarding MedOptions' solicitations to the nursing homes and discussions leading up to a contract are clearly relevant to this action for interference with business relationships. These communications are also relevant to the claims against Defendants regarding the breach of Defendant Sullivan's non-compete agreement. Furthermore, Defendant has failed to provide a privilege log.

**<u>Interrogatory #10:</u>** Please indicate whether Defendant MedOptions, its officers, directors, employees, agents, or servants had any knowledge of any agreement between Defendant Sullivan and the Plaintiffs prior to the initiation of this litigation, including, but not limited to, the names and titles of any officer, director, employee, agent, or servant having such knowledge; the date, time, and place on which said officer, director, employee, agent, or servant came to have such knowledge; a brief summary of said officer, director, employee, agent, or servant's knowledge as to the contents of such agreement; whether said officer, director, employee, agent, or servant had knowledge of any restrictive covenants contained in said agreement; the date, time, and place on which said officer, director, employee, agent or servant came to have knowledge of such restrictive covenants; a brief summary of said officer, director, employee, agent, or servant's knowledge of the provisions of said restrictive covenants; and the name, title, address, and telephone number of any person having custody of any document reflecting such knowledge acquired by any officer, director, employee, agent, or servant of Defendant MedOptions.

**Defendant's Response:** MedOptions objects to this interrogatory on the grounds that it is overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Subject to and without waiving this objection, on or about September 11, 2006, Sullivan provided MedOptions a copy of an agreement containing certain restrictive covenants that she was required to sign in connection with her provision of services to GeriCare.

**Information Sought:** A responsive answer to this Interrogatory. Defendants' objections are not valid, in that Defendant MedOptions' knowledge of the non-compete agreement between GeriCare and Defendant Sullivan is clearly germane to the claims of breach of contract and interference with business relations brought against Defendants. Furthermore, because Defendant Sullivan testified extensively during her November 5, 2007 deposition regarding contacts with Vice-President Laurel Wood and nursing supervisor Melissa Ferdinandi regarding discussions of said agreement prior to September 11, 2006 (Exhibit D, p. 97-100), it appears that the Defendant has not diligently investigated this issue.

**Interrogatory #11:** Please provide the name, address, and telephone number of any company processing your claims for payment from any insurer, along with name, address, and telephone number of the contact person for any company processing your claims for payment from any insurer.

**Defendant's Response:** MedOptions objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Information Sought:** A responsive answer to this Interrogatory. The damages to Plaintiffs were largely in the form of patient revenues derived from insurers. Accordingly, information regarding the entities processing such claims is germane to the calculation of damages.

**Interrogatory #13:** Identify each and every person known to the Defendant or its representatives who has, or who claims to have any knowledge or relevant information or facts or circumstances pertaining to this case, including his/her full name, present or last known address and telephone number, and, if employed by the Defendant, any/all positions held and the dates of such employment; and fully describe the knowledge or relevant information, facts or circumstances of this person that pertain to this litigation.

**Defendant's Response:** MedOptions objects to this interrogatory to the extent it seeks information that is protected against disclosure by the attomey-client privilege. Subject to and without waiving this objection, see defendants' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**Information Sought:** A responsive answer to this Interrogatory. Defendant's objection is not valid, in that it does not seek privileged information, but factual information.

**Interrogatory #15:** Identify each and every person, business, entity, service provider and/or firm that has participated in any investigation, inquiry, fact gathering, document review, research and/or questioning undertaken by or on behalf of the Defendant concerning the Plaintiffs and/or the facts, circumstances, claims or defenses to this action.

**Defendant's Response:** MedOptions objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action. Subject to and without waiving this objection, none other than MedOptions' counsel in connection with the defense of this lawsuit.

**Information Sought:** A responsive answer to this Interrogatory. Defendant's objection is not valid, in that it does not seek privileged information, but factual information.

Respectfully submitted,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 26, 2007
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 26, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on November 26, 2007, I sent a true copy of the within by electronic service to all of the parties below:

Christine K. Bush, Esq.
Rachelle Green, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325

/s/ Vicki J. Bejma