**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HUMAN SERVICES CONSULTANTS, LTD., dba GERICARE RONALD MARK STEWART MD** **Plaintiffs** | : | |
| **vs.** | : | **C.A. # 06-486** |
| **ANN TAMULE, aka ANN M. SULLIVAN, Alias, and MEDPTIONS INC.** **Defendants** | : | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT SULLIVAN TO PROVIDE MORE RESPONSIVE ANSWERS TO REQUESTS FOR PRODUCTION**

The underlying case involves a breach of a non-compete agreement between Plaintiff Human Services Consultants, Ltd., dba GeriCare, and Defendant Ann Sullivan. GeriCare, a division of Plaintiff Human Services Consultants, Ltd., is in the business of providing psychiatric and mental health services to nursing home patients across the state. GeriCare provides its services on a contract basis with the nursing homes themselves.

Defendant Sullivan was first retained by GeriCare as a nurse practitioner in 2002. When initially retained, Defendant Sullivan signed an agreement indicating that she would "not directly or indirectly compete with the business of the company (GeriCare) during the period of contraction" and that Defendant Sullivan would not directly "own, operate, consult to or be employed by any firm in a business substantially similar to or competitive with the present business of the Company or such business activity in which the Company may engage during the term of the agreement and for six (6) months thereafter." (Exhibit A, attached.) Defendant Sullivan signed another agreement containing identical language in 2004. (Exhibit B, attached.)

On or about April 9, 2006, Defendant Sullivan informed GeriCare that she intended to resign from GeriCare effective June 1, 2006. (Exhibit C.) GeriCare attempted to replace Defendant Sullivan's services, but were unable to do so. As a result, GeriCare was forced to resign their contracts with a number of nursing home clients in order to protect the interests of their patients. In August of 2006, Plaintiffs learned that Defendant Sullivan had been retained by Defendant MedOptions, a Connecticut-based corporation. While working for Defendant MedOptions, Defendant Sullivan was performing substantially the same services as she had provided for GeriCare. Defendant Sullivan was performing these services in many of the same nursing homes in which she had previously worked on behalf of GeriCare – which now had contracts with MedOptions.

The Plaintiffs commenced the instant action in Providence County Superior Court on or about October 17, 2007. Said action was subsequently removed. Plaintiffs brought three counts against the Defendants. Count I alleged that the Defendants had, in conjunction with one another, breached Tamule's agreement with MedOptions. Count II alleged that the Defendants, acting in concert, had tortiously interfered with GeriCare's business relationships by Defendant Tamule's continuing to work at the nursing homes formerly serviced by GeriCare. Count III alleged that Defendants had conspired to destroy Plaintiffs' business relationships.

**Request #2:** Any and all documents reflecting occasions upon which Defendant MedOptions, its directors, officers, agents, or employees communicated with Defendant Sullivan regarding any agreement or potential agreement under which Defendant Sullivan would provide services on behalf of MedOptions.

> **Defendant's Response:** Defendant is not in possession of any documents responsive to this request.
>
> **Information Sought:** A responsive answer to this Request. At her deposition of November 5, 2007, Defendant Sullivan testified that she had documents relating to her employment at MedOptions, including employment handbooks. (Exhibit D, p. 106-07.)

Defendant Sullivan also testified that she had referred to letters on her computer regarding MedOptions, and that that computer is at her residence. (Exhibit D, p. 9-10.) Clearly, then, Defendant Sullivan's assertion that she possesses no documents responsive to the request other than those produced by MedOptions is incorrect, as MedOptions provided only one letter.

**Request #10:** Your most recent resume and/or curriculum vitae.

**Defendant's Response:** Defendant objects to this request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Information sought:** A responsive answer to this interrogatory. Defendant's objections are not valid, in that the Defendant's employment history is entirely germane to the claims against her for breach of a non-compete agreement.

**Request #11:** Any and all personnel handbooks given to you by Defendant MedOptions.

**Defendant's Response:** Defendant is not in possession of any documents responsive to this request.

**Information Sought:** A responsive answer to this Request. At her deposition of November 5, 2007, Defendant Sullivan testified that she had documents relating to her employment at MedOptions, including employment handbooks. (Exhibit D, p. 106-07.)

**Request #12:** Any and all other personnel policies and procedures distributed to you by MedOptions

**Defendant's Response:** Defendant is not in possession of any documents responsive to this request.

**Information Sought:** A responsive answer to this Request. At her deposition of November 5, 2007, Defendant Sullivan testified that she had documents relating to her employment at MedOptions, including employment handbooks. (Exhibit D, p. 106-07.)

Respectfully submitted,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 26, 2007
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 26, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on November 26, 2007, I sent a true copy of the within by electronic service to all of the parties below:

Christine K. Bush, Esq.
Rachelle Green, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325

/s/ Vicki J. Bejma