AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

Human Services Consultants, Ltd., et al.

V.

Ann Tamule a/k/a Ann Sullivan

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-486

TO: Jeff Kinnel
Med Options
20 Research Parkway
Old Saybrook CT 06475

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 155 S. Main St., Suite 402, Providence, RI 02903 | 1/25/2008 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Vicki J. Bejma, 155 S. Main St., Suite 402, Providence, RI 02903 (401) 331-6565

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 01/16/2008 @ 3:45 P.M. | MedOptions, 20 Research Parkway, Old Saybrook CT. 06475 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Jeff Kinnel | Corporate/Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William Livingston | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 01/23/2008
DATE

SIGNATURE OF SERVER

9 Beaumont Street, East Hartford CT.
ADDRESS OF SERVER

East Hartford CT. 06108

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HUMAN SERVICES CONSULTANTS, LTD., dba GERICARE RONALD MARK STEWART MD** **Plaintiffs** | : | |
| **vs.** | : | **C.A. # 06-486** |
| **ANN TAMULE, aka ANN M. SULLIVAN, Alias, and MEDPTIONS INC.** **Defendants** | : | |

**TO:** Christine K. Bush, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325

**NOTICE OF DEPOSITION**

Please be advised that the Plaintiffs will take the deposition of JEFF KINNEL at The Law Offices of Stephen M. Robinson, 155 South Main Street, Providence, RI 02903, on January 25, 2008 at 10:00 a.m. This deposition will be recorded by stenographic methods. You are hereby invited to attend and take such part therein as you deem proper.

Respectfully submitted,

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
January 14, 2008
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on January 14, 2008 I sent a true copy of the within by electronic filing to all of the parties below:

Christine K. Bush, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325

/s/ Vicki J. Bejma

**HUMAN SERVICES CONSULTANTS, LTD., ET AL**
Plaintiff(s), Petitioner(s)

*against*

**ANN TAMULE, AKA ANN M. SULLIVAN, ET AL**
Defendant(s), Respondent(s)

**CLIENT: Vicki J. Bejma**

**INDEX NO.: 06-486**

**RETURN DATE: 1/25/2008**

# AFFIDAVIT OF SERVICE

STATE OF CONNECTICUT: COUNTY OF HARTFORD

I, William Livingston being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in Groton, CT.

Furthermore, that on **January 16, 2008 at 3:45 PM at MedOptions, 20 Research Parkway, Old Saybrook, CT 06475,** deponent served the **Subpoena In A Civil Case w/Notice of Deposition** upon **Jeff Kinnel**, (Defendant/Respondent) herein known as Recipient.

Said service was effected in the following manner:

By delivering thereat a true copy *of each* **Subpoena In A Civil Case w/Notice of Deposition** to **Jeff Kinnel**, personally; at the same time paying (or tendering) in advance **$40.00, (Forty Dollars and Zero Cents),** the authorized traveling expenses and one day's witness fee: Deponent knew said person so served to be the person mentioned and described as said recipient therein.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:
Sex: **Male** Skin: **White** Hair: **Brown** Age(Approx): **40-50** Height(Approx): **5'9" - 6'** Weight(Approx): **161-200 lbs**
Other: **Glasses**

I asked the Recipient if he/she was in active military service of the United States or the State of Connecticut in any capacity and received a negative reply. Recipient wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the Recipient is not in the military service of Connecticut State or the United States as that term is defined in the statues of Connecticut State or the Federal Soldiers and Sailors Civil Relief Act.

I also tendered and paid the sum of $40.00, (Forty Dollars and Zero Cents), being the fee for one day's attendance and travel, at the time and place of service.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

William Livingston, Private Process Server

Sworn to before me on January 21, 2008

Notary Public
My Commission Expires: 08/31/2009

KEITH D. NIZIANKIEWICZ NOTARY PUBLIC CONNECTICUT