# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HUMAN SERVICES CONSULTANTS, LTD., Dba GERICARE RONALD MARK STEWART MD** Plaintiffs | : | |
| vs. | : | **C.A. # 06-486** |
| **ANN TAMULE, aka ANN M. SULLIVAN, Alias, and MEDPTIONS INC.** Defendants | : | |

**PLAINTIFF'S RESPONSES TO INTERROGATORIES**

Now comes the Plaintiff, Human Services Consultants, Ltd. dba Gericare, and makes its responses to the Interrogatories served upon them by Defendant MedOptions, Inc.:

**Defendant's Interrogatory #1:** With respect to each nursing home or facility serviced by GeriCare, identify:

(a) The date or approximate date GeriCare began providing services;
(b) If applicable, the date or approximate date GeriCare discontinued providing services;
(c) If applicable, the reason GeriCare discontinued providing services;
(d) The principal, employee, consultant and/or independent contractor assigned by GeriCare to provide such services and the date or approximate date s/he was so assigned;
(e) The nature of the services provided by GeriCare; and
(f) The monthly, quarterly and annual revenue generated by GeriCare for services rendered.

**Response:** Objection. This request for information regarding all of the nursing homes serviced by GeriCare, whether by Ms. Sullivan or not, is overbroad, irrelevant, burdensome, and not reasonably calculated to yield admissible information.

See Table below for responses to subsections a, b, and c, with respect to those nursing homes which Ms. Sullivan serviced.

| | a. Date GeriCare started | d. Date Ann Started | b. Date Contract Ended | c. Why Ended |
|---|---|---|---|---|
| Ballou | 6/17/00 | 8/02-9/04<br>Resumed 4/15/05 | 5/31/06 | Sullivan left; |
| Grandview | 10/15/00 | 8/02-12/04<br>resumed 5/05 | 5/31/06 | Sullivan left; |
| Hebert | 2/01/03 | 2/03-11/03<br>resumed 9/05 | 5/31/06 | Sullivan left; |
| Heritage Hills | 6/17/00 | 2/1/03 | 6/30/06 | Sullivan left; 5/31/06 nursing home refused our replacement; |
| Holiday | 6/17/00 | 8/02-present | 5/31/06 | Sullivan left; |
| Morgan | 4/01/03 | 4/01/03 | 5/31/06 | Sullivan left; |

As for a response to subsection (e), see our response to Request for Production # 2.
As for a response to subsection (f), see our response to Request for Production # 29.

**Defendant's Interrogatory #2:** With respect to each employee, consultant or independent contractor employed or retained by GeriCare for purposes of providing services to clients, identify his/her:

(a) Name;
(b) Dates of employment or consultancy;
(c) Position(s) held;
(d) Form and amount of compensation; and
(e) If applicable, the reason for termination of the relationship.

**Response:** Objection. This request for information regarding all of the nursing homes serviced by GeriCare, whether by Ms. Sullivan or not, is overbroad, irrelevant, burdensome, and not reasonably calculated to yield admissible information.

**Defendant's Interrogatory #3:** Identify GeriCare's primary contact point(s) for purposes of negotiating contract terms and/or contract renewals with regard to the following facilities:

(a) Grandview Center of Cumberland, Rhode Island;
(b) The Holiday in Lincoln, Rhode Island;
(c) Heritage Hills Nursing Center in Smithfield, Rhode Island;
(d) Ballou Home in Woonsocket, Rhode Island; and
(e) Morgan Health Care Center in Johnston, Rhode Island.

**Response:**

(a) Grandview Center of Cumberland, Rhode Island: John Partridge, Director of Nursing; Lori Phillips, Administrator.

(b) The Holiday in Lincoln, Rhode Island: Holiday: Elaine Delcesto, Director of Nursing; Bob Horton, Administrator.

(c) Heritage Hills Nursing Center in Smithfield, Rhode Island: Barbara Langshaw, Director of Nursing; Joyce Sormonti, Administrator.

(d) Ballou Home in Woonsocket, Rhode Island: Carl Newell, Administrator; Joyce Pelletier; Nurse Manager; Mary Dupre, Director of Nursing.

(e) Morgan Health Care Center in Johnston, Rhode Island: Marie Chambers, Director of Nursing; Lois Richard, Administrator.

**Defendant's Interrogatory #4:** Identify the "critical business information and contacts that were the sole and exclusive property of GeriCare . . . ," as referenced in Paragraph 13 of the Complaint.

**Response:** During the period of time in which it had provided services to residents of nursing homes throughout the state, GeriCare had developed critical business information and contacts in the form of solid relationships with the various administrators of said nursing homes. We also had an established patient caseload in the nursing homes to which Defendant Sullivan would not have other been able to gain access.

**Defendant's Interrogatory #5:** Describe the efforts made by GeriCare "to engage the services of other qualified practitioners to provide the services previously provided by Sullivan . . ." as referenced in Paragraph 18 of the Complaint.

**Response:** In order to replace the services previously provided by Sullivan, GeriCare made phone calls to all of its provider nurse practitioners as of April 11-20, 2006, that is, Barbara Burchard, Barbara Masser, Linda Young, Sharon Borges.

GeriCare had had ongoing ads in the Providence Journal, and on the internet site JobsinRI.com. Ms. Sullivan was our primary orienteer and she knew when we had interested applicants.

Sharon Borges agreed to take Heritage Hills so we didn't initiate cancelling the contract. At the end of June Christine Richards contacted Barbara Langshaw, Director of Nursing at Heritage Hills, to let her know that Ms. Borges would be replacing Ms. Sullivan when she left with a schedule that would be set up. On June 30, 2006, GeriCare received a letter from Heritage to cancel our contract immediately.

Dr. Stewart went down to Heritage Hills on July 2, 2006. He reminded Heritage Hills that the contract provided for a 30-day notice of termination. Heritage Hills agreed to give the 30 days.

See also our responses to Request for Production # 22.

**Defendant's Interrogatory #6:** Identify the "specialized business practices" GeriCare alleges it has developed to allow it to fulfill the unique needs of its clientele," as plaintiff's Rule 16 Statement.

**Response:** GeriCare has distinguished itself from other providers of psychiatric services in the nature of the services that it has provided. GeriCare has provided forensic psychiatric services where needed. This is not a service typically offered by GeriCare's competitors. GeriCare also offers to the nursing homes, free of charge, assistance in risk management issues unique to the nursing home population. GeriCare's competitors typically do not provide this service. GeriCare also provides additional training to the nursing homes and inservices. This is also free of charge to the nursing homes, and is not typically provided by GeriCare's competitors. GeriCare has also developed forms that met all regulatory requirements to reduce the risk of audits and insurance denials/adjustments to payments, without being overburdensome or redundant to the provider.

**Defendant's Interrogatory #7:** Identify each person who, either orally or in writing, expressed an interest in filling the position vacated by Sullivan, and provide, to the extent applicable:

(a) The date(s) of any interviews conducted;
(b) The persons present for such interviews;
(c) The reason(s) s/he was not extended an offer;
(d) The terms of any offer extended to him/her; and
(e) The reason(s) s/he declined an offer.

**Response:** See our response to Interrogatory #5 regarding the individuals that we contacted. Other than Ms. Borges, the others declined these offers on various grounds, i.e., they already had full-time jobs; the position would require too much travel; or they had personal issues in their lives that prevented them from taking on any other work.

**Defendant's Interrogatory #8:** Identify the "third party" referenced in Paragraph 21 of the Complaint.

**Response:** Isabel McGee.

**Defendant's Interrogatory #9:** Describe the nature and date(s) of any training provided by GeriCare to Sullivan.

**Response:** The original training was an orientation to the business end of the job with Christine Richards. Sullivan then shadowed another nurse practitioner for a few visits to learn the medical process, forms, and procedures in the nursing homes. Further training was provided to Sullivan on an ongoing basis. This training included pamphlets and articles on various key issues were provided along with Sullivan's pay. About six times per year, team meetings would be held, at which time collaboration was reinforced between all providers, cases were discussed, and troubleshooting and risk management issues were reviewed.

**Defendant's Interrogatory #10:** Identify any person interviewed or questioned by plaintiff, or on its behalf, in connection with this litigation and/or regarding the allegations that form the basis of plaintiff's claims, and for each such person specify (i) the date(s) of the interview(s); (ii) the individuals present during the course of the interview(s), or any portion thereof; (iii) the

site of the interview(s); (iv) the approximate duration of the interview(s); and (v) whether a written and signed statement was procured.

> **Response:** No written and signed statements have been procured. However, GeriCare has discussed the matters referenced in the complaint with John Partridge, Lori Phillips at Grandview on or about August 28, 2006. These matters were also discussed with Robert Horton and Elaine DelSesto at The Holiday on August 29, 2006. These matters were also discussed with Isabel McGee on or about August 27, 2006, and Janet at Grandview on August 27, 2006. These matters were also discussed with Joyce Sormonti and Barbara Langshaw at Heritage Hills on or about August 29, 2006.

**Defendant's Interrogatory #11:** State the identity of each person plaintiff expects to call as a witness (including but not limited to an expert witness) at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony.

> **Response:** Objection. This interrogatory calls for information protected by the work-product privilege. Without waiving said objection, while we have not made any final decisions about whom at trial, we may call those people identified in our Interrogatories #3, 8, and 10.

**Defendant's Interrogatory #12:** Set forth each item of damage plaintiff seeks, the amount of damages sought for each category, and the method employed to calculate each category of damage.

> **Response:** See our response to Request for Production #29, which outlines the financial losses incurred by the Plaintiff as a result of the Defendants' actions. Additionally, Plaintiffs intend to seek an award of attorney's fees pursuant to R.I.G.L. § 9-1-45. At this juncture, that amount cannot be accurately calculated. Plaintiffs also intend to seek punitive damages for the intentional interference with business relations. Because this would require inquiry into the Defendants' financial condition, we are unable to calculate the potential amounts of punitive damages available to us at this time.

**Defendant's Interrogatory #13:** Identify all persons who participated in preparing responses to these interrogatories and specify the interrogatories as to which each person provided information.

**Response:** Ronald Stewart, M.D. and Christine Richards, LICSW, participated in preparing responses to all of these interrogatories.

Ronald Stewart, M.D.

**PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT THESE RESPONSES.**

Subscribed and sworn to before me on the 20th day of August, 2007.

Notary Public
My Commission Expires: 8/2/10

**CERTIFICATION**

I, the undersigned, hereby certify that on August 20, 2007 I sent a true copy of the within by Regular Mail to all of the parties below:

Christine K. Bush, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325