# EXHIBIT J

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HUMAN SERVICES CONSULTANTS, LTD, dba GERICARE, and RONALD MARK STEWART MD,<br><br>Plaintiffs,<br>v.<br><br>ANN TAMULE, aka, ANN M. SULLIVAN, alias, and MEDOPTIONS INC.,<br><br>Defendants. | : | Case. No. 1:06-cv-00486-ML-DLM |

**SUPPLEMENTAL RESPONSE OF DEFENDANT ANN M. SULLIVAN TO PLAINTIFF'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the Order entered by the Court on December 21, 2007 ("the Order"), defendant Ann M. Sullivan ("defendant" or "Sullivan") hereby supplements her responses to the interrogatories propounded by plaintiff Human Services Consultants, Ltd. d/b/a GeriCare ("plaintiff" or "GeriCare") in the above-captioned case as follows:

**INTERROGATORY NO. 2** Identify all health care facilities and/or patients for which you have provided services on behalf of Defendant MedOptions, setting forth the names, addresses, and telephone numbers of said health care facilities and/or patients, the dates on which said services were provided, a brief summary of the nature of the services provided, and the revenue generated for you and/or Defendant MedOptions for such services rendered.

**Supplemental Response**: Subject to and without waiving any previously stated objections, Sullivan hereby supplements her response to this interrogatory in accordance with the Order: Ms. Sullivan provided services to Oakland Grove beginning on June 5, 2006; Bayberry Commons beginning on June 14, 2006; The Holiday Retirement Home beginning on July 5, 2006; Elmwood Health Center beginning on July 21, 2006; Heritage Hills Nursing Home beginning on July 5, 2006; Hebert Nursing Home beginning on September 22, 2006; Grandview Center beginning on June 2, 2006; Ballou Home for the Aged beginning on October 4, 2006; Hospice St. Antoine beginning on October 12, 2006; and Mt. St. Rita Health Care beginning on October 17, 2006. She continued servicing patients at these facilities until no later than January 16, 2007, when she relocated to Connecticut.

**INTERROGATORY NO. 3** If you have been a party to any civil, criminal, or administrative action in the past, identify the name and case number of said case, the court or administrative agency in which said action was filed, and the date and nature of the final disposition, if any, or if no disposition has been reached, the current status.

**Supplemental Response**: Subject to and without waiving any previously stated objections, Sullivan hereby supplements her response to this interrogatory in accordance with the Order: At the time she was preparing responses to these interrogatories, Ms. Sullivan did not recall that she had been a party to an automobile accident case over a decade earlier. It was not until she was questioned at deposition that she recalled that case.

**INTERROGATORY NO. 4** Describe each and every occasion upon which Defendant MedOptions, its directors, officers, agents, or employees communicated with you regarding any agreement or potential agreement under which you would provide services on behalf of MedOptions, including but not limited to the date, time, place, and manner of the communication; the name, title, address, and telephone numbers of any persons present or having knowledge of said communication; a brief summary of the nature of the communication; and the name, title, address, and telephone number of any person having custody of any record of said communications.

**Supplemental Response**: Subject to and without waiving any previously stated objections, Sullivan hereby supplements her response to this interrogatory in accordance with the Order: In May 2006, Ms. Sullivan was interviewed by Melissa Ferdinandi and Laurel Wood at a Panera Bread store in Greenville, Rhode Island. The subjects discussed during the course of this interview included the benefits offered by MedOptions; MedOptions' Founder, Lucia Catalano, and her desire to establish a nurse-friendly company; and the scope of the job, including assignments to Grand View and Oakland Grove Health Care Center, among other nursing homes in Rhode Island. At the conclusion of the interview, Ms. Ferdinandi and Ms. Wood extended an informal offer of employment to Ms. Sullivan and advised her that a formal offer letter would be forthcoming. It is Ms. Sullivan's recollection that during the interview she mentioned to Ms. Ferdinandi and Ms. Wood that she had signed a non-competition agreement with GeriCare. They in turn advised her that MedOptions had hired another former GeriCare employee who was subject to a similar agreement and there were no problems. Ms. Sullivan does not recall whether she provided a copy of the agreement to Ms. Ferdinandi

and Ms. Wood at the interview. Ms. Wright was not present at the interview, but Ms. Sullivan did subsequently speak with her for purposes of arranging a pre-employment physical and participating in MedOptions' employee benefit plans.

**INTERROGATORY NO. 9** Please indicate whether Defendant MedOptions, its officers, directors, employees, agents, or servants had any knowledge of any agreement between you and the Plaintiffs prior to the initiation of this litigation, including, but not limited to, the names and titles of any officer, director, employee, agent, or servant having such knowledge; the date, time, and place on which said officer, director, employee, agent, or servant came to have such knowledge; a brief summary of said officer, director, employee, agent, or servant's knowledge as to the contents of such agreement; whether said officer, director, employee, agent, or servant had knowledge of any restrictive covenants contained in said agreement; the date, time, and place on which said officer, director, employee, agent or servant came to have knowledge of said restrictive covenants; a brief summary of said officer, director, employee, agent, or servant's knowledge of the provisions of said restrictive covenants; and the name, title, address, and telephone number of any person having custody of any document reflecting such knowledge acquired by any officer, director, employee, agent, or servant of Defendant MedOptions.

**Supplemental Response**: Subject to and without waiving any previously stated objections, Sullivan hereby supplements her response to this interrogatory in accordance with the Order: Ms. Sullivan provided a copy of the agreement at issue in this case to Laurel Wood, but has no recollection as to when she did so.

**INTERROGATORY NO. 14** Identify each and every person known to you or your representatives who has, or who claims to have any knowledge or relevant information or facts or circumstances pertaining to this case, including his/her full name, present or last known address and telephone number, place of employment, any/all positions held and the dates of such employment; and fully describe the knowledge or relevant information, facts or circumstances of this person that pertain to this litigation.

**Supplemental Response**: Subject to and without waiving any previously stated objections, Sullivan hereby supplements her response to this interrogatory in accordance with the Order: Ms. Sullivan does not intend to call any witness to testify at trial other than those persons specified in MedOptions' supplemental response to Interrogatory No. 13.

DEFENDANT,
ANN M. SULLIVAN,

By her Attorneys,

Christine K. Bush (#5587)
DUFFY, SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile

and

Lawrence Peikes
Admitted *Pro Hac Vice*
lpeikes@wiggin.com
WIGGIN AND DANA LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600-telephone
(203) 363-7676 -facsimile

Dated: January 9, 2008

**VERIFICATION**

STATE OF CONNECTICUT )
) ss:
COUNTY OF HARTFORD )

I, Ann M. Sullivan, have read the foregoing supplemental answers to interrogatories and believe them to be true and correct answers based on my own personal knowledge, information and belief.

____________________________________
Ann M. Sullivan

Subscribed and sworn to before me
this ____ day of January, 2008.

________________________________
Notary Public

**CERTIFICATE OF SERVICE**

This is to certify that on this 9th day of January, 2008, a copy of the foregoing Supplemental Response of Defendant Ann M. Sullivan to Plaintiff's Interrogatories has been served by electronic mail on the following:

Vicki Bejma, Esq.
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903

Lawrence Peikes

\17993\7\140984.1