**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HUMAN SERVICES CONSULTANTS, LTD, dba GERICARE, and RONALD MARK STEWART MD, | : | Case. No. 1:06-cv-00486-ML-DLM |
| Plaintiffs, | : | |
| v. | : | |
| ANN TAMULE, aka, ANN M. SULLIVAN, alias, and MEDOPTIONS INC., | : | |
| Defendants. | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS**

Pursuant to LR Cv. 56, defendants Ann Sullivan ("Sullivan") and MedOptions, Inc. ("MedOptions") (collectively "defendants") respond to the Statement of Undisputed Facts submitted by plaintiffs Human Services Consultants, Ltd. d/b/a GeriCare ("GeriCare") and Ronald Mark Stewart, M.D. ("Dr. Stewart") (collectively "plaintiffs") in the above-captioned case, without admitting the materiality of any purported facts, as follows:

1. Admit.
2. Admit.
3. Admit.
4. Admit.
5. Admit.
6. Admit.
7. Admit.

8. Admit.

9. Deny. The orientation Dr. Stewart provided to Sullivan at the Holiday Nursing Home consisted solely of an introduction to the employees in charge of the facility and instruction about various assessment and billing forms. (Sullivan Dep. at pp. 34:19-36:8; a copy of cited excerpts of the Sullivan Dep. is attached hereto as Exhibit A).

10. Admit.

11. Deny in part. The term "training information" is undefined and ambiguous. Aside from a routine orientation, the only "training" provided to Sullivan by GeriCare consisted of occasional lectures by representatives of pharmaceutical companies and psychiatrists, including Dr. Stewart every so often, on diagnoses, medications and treatments generally. (Sullivan Dep. at pp. 37:20-39:14).

12. Admit.

13. Admit.

14. Deny. The cited excerpts from the Sullivan Dep. do not support the fact alleged.

15. Admit.

16. Deny. Sullivan testified that she had substantial prior experience working with patients experiencing mental health problems. (Sullivan Dep. at pp. 51:23-52:8).

17. Deny. The statement is overly broad and misleading to the extent plaintiffs purport to suggest that Sullivan was provided with specialized or unique training. Sullivan's "professional development" while employed by GeriCare was typical of any job, and her knowledge of "the clinical and business aspects of GeriCare's

business" was a by-product of the work she performed on a day-to-day basis. (Sullivan Dep. at pp. 38:8-38:22, 51:9-51:22).

18. Deny that training was a regular part of Sullivan's job, but admit she provided in-services for nursing home staff from time to time. (Sullivan Dep. at pp. 38:23-39:14).

19. Admit.

20. Deny. Sullivan advised Dr. Stewart that she was planning to enter a religious order but did not cite her parents' health as a basis for her decision to resign from GeriCare. (Sullivan Dep. at pp. 46:25-47:23, 50:6-50:25).

21. Admit.

22. Admit.

23. Deny. After receiving Sullivan's notice of resignation, GeriCare did nothing, other than continue to run existing classified advertisements and poll its existing staff, in an effort to find a replacement. GeriCare assigns nurse practitioners to nursing homes based on proximity to their residence; none of the nurse practitioners on staff at the time were in relatively close proximity to the facilities serviced by Sullivan. (Stewart Dep. at pp. 70:19-72:17; a copy of cited excerpts from the Stewart Dep. is attached hereto as Exhibit B). Within ten days after Sullivan tendered her notice of resignation, Dr. Stewart had already concluded that GeriCare would not be able to hire a nurse practitioner to take her place. (Sullivan Dep. at pp. 57:11-58:7).

24. Admit.

25. Deny that GeriCare was "forced" to release any of the nursing homes serviced by Sullivan from their contracts (Stewart Dep. at pp. 77:19-78:22), but admit

that GeriCare did not provide a replacement for Sullivan to any of the nursing homes she had serviced.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Deny. The offer extended to Sullivan during the Panera Bread interview was conditioned on a background check. (Ferdinandi Dep. at pp. 23:19-24:3; a copy of cited excerpts from the Ferdinandi Dep. is attached hereto as Exhibit C).

32. Admit.

33. Admit.

34. Deny. The fax cover sheet attached to plaintiffs' motion for summary judgment as Exhibit P was accompanied by Sullivan's application for employment. (The application was marked as Exhibit 4 to the Kinell Dep. and is attached hereto as Exhibit D).

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Deny. The correspondence from Dr. Stewart was received by Mr. Kinell in September 2006, not September 2007. (Kinell Dep. at pp. 55:6-55:8; a copy of cited excerpts from the Kinell Dep. is attached hereto as Exhibit E).

53. Admit.

54. Admit.

Respectfully submitted,

DEFENDANTS,
ANN TAMULE a/k/a/ ANN M. SULLIVAN,
ALIAS, and MEDOPTIONS, INC.,
By their Attorneys,

//s// Christine K. Bush
Christine K. Bush (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cbush@duffysweeney.com

and

Lawrence Peikes
Admitted *Pro Hac Vice*
lpeikes@wiggin.com
WIGGIN AND DANA LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600-telephone
(203) 363-7676 -facsimile

Dated: March 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that the within **Defendants' Response to Plaintiffs' Statement of Undisputed Facts** was filed through the ECF system on this 12th day of March, 2008 and will be sent electronically to the below named counsel who are registered participants identified on the Notice of Electronic Filing:

Stephen M. Robinson, Esq.
The Law Offices of Stephen M. Robinson
155 South Main Street
Suite 402
Providence, RI 02903

Vicki J. Bejma, Esq.
The Law Offices of Stephen M. Robinson
155 South Main Street
Suite 402
Providence, RI 02903

/s/ Christine K. Bush
Christine K. Bush

H:\Clients\MedOptions\Tamule\Pleadings\USDC RI\Statement of Disputed Facts.DOC