**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HUMAN SERVICES CONSULTANTS, LTD., Dba GERICARE RONALD MARK STEWART MD** | : | |
| **Plaintiffs** | : | |
| **vs.** | : | **C.A. # 06-486** |
| **ANN TAMULE, aka ANN M. SULLIVAN, Alias, and MEDPTIONS INC.** | : | |
| **Defendants** | : | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO AMEND**

This matter is currently before this Court on Plaintiffs' Motion to Amend their Complaint. Defendants have objected to this amendment, and filed a supporting Memorandum. Plaintiffs believe that the issue of futility is well-ventilated in the parties' respective Motions for Summary Judgment. However, Plaintiffs wish to briefly touch on several other points raised in the Defendants' Memorandum.

In the first instance, as to the issue of discovery of new potential parties, it is true that Plaintiffs first inquired about those entities at Laurel Wood's deposition. However, Laurel Wood was unable to provide very much information. It was not until the Kinnel deposition of February 6, 2008 that the Plaintiffs were provided with any solid information. Defendant failed to respond to the interrogatories propounded by Plaintiffs on January 14, 2008, wherein Plaintiffs had sought to obtain more information. It is also significant that at the deposition of February 6, 2008, Kinnel identified the related entity as Laurel Wood's employer. (See Deposition of Kinnel, p. 20:3-22:25, appended hereto as Exhibit A.)

Furthermore, Plaintiffs disagree with the Defendants' characterization of the nature of the counts for tortious interference. The wording of the original complaint was sufficiently broad to encompass the specific claim as to the interference with the relationship with Sullivan. In any case, the Plaintiffs could not have been aware of that specific type of tortious interference until such time as they deposed Sullivan and Wood and discovered that MedOptions, through Laurel Wood, indeed had specifically encouraged Sullivan to disregard her noncompete agreement. (See Plaintiff's Statement of Undisputed Facts, ¶ 30.) During the course of discovery, it is surely common for a plaintiff to discover new information leading to new claims or to have a somewhat different theory of the case than it had originally possessed. For that reason, amendments to the complaint are to be given liberally. Fed.R.Civ.P. 15(a)(1).

Respectfully submitted,
Plaintiffs,
By their attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 14, 2008
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 14, 2008
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on March 14, 2008 I sent a true copy of the within by electronic filing to all of the parties below:

Christine K. Bush, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Lawrence Peikes, Esq.
Wiggin & Dana, LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325

/s/ Vicki J. Bejma