UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HUMAN SERVICES CONSULTANTS, LTD., dba GERICARE, and RONALD MARK STEWART, MD,
Plaintiffs,

v. CV 06-00486ML

ANN TAMULE, aka ANN M. SULLIVAN, alias, and MEDOPTIONS, INC.,
Defendants.

**MEMORANDUM AND ORDER**

Plaintiffs, Human Services Consultants, Ltd. ("GeriCare") and Dr. Ronald Stewart, filed a complaint alleging breach of contract (Count I) and interference with advantageous business relationship (Counts II and III). Plaintiffs have now filed a motion to amend their complaint. For the reasons set forth below, Plaintiffs' motion is DENIED.

Background

GeriCare is a provider of psychiatric services for nursing home patients. Defendant Sullivan, an Adult Nurse Practitioner, worked for GeriCare, providing mental health treatment for patients in nursing homes. In 2002 and again in 2004, she entered into Provider Agreements with GeriCare ("agreements"). Both agreements included a noncompete provision which prohibited Sullivan from working for a competitor during or for six months after her employment with GeriCare. Sullivan resigned from her

employment with GeriCare on June 1, 2006 and, the next day, started working for Defendant MedOptions, Inc. ("MedOptions").

The following description of the progress of this case is necessary to provide the background for the issues of undue delay and prejudice which this Court must address. On October 17, 2006, Plaintiffs filed a complaint alleging breach of the noncompete agreement against defendant Sullivan and interference with advantageous business relationship against both defendants Sullivan and MedOptions. Defendants removed the matter to this Court on November 7, 2006. On June 7, 2007, the parties met for a Rule 16 Conference. The following day, this Court issued a Pretrial Order which set the deadline for discovery to be completed by February 8, 2008 and the deadline for the filing of dispositive motions on February 22, 2008. The parties then entered the discovery phase.

Plaintiffs took defendant Sullivan's deposition on November 5, 2007. During that deposition, Plaintiffs claim they first discovered that MedOptions specifically encouraged Sullivan to disregard her noncompete agreement. Plaintiffs also claim that they first learned about the existence of entities related to Defendant MedOptions during their deposition of Jeffrey Kinnel, the co-CEO of MedOptions, on February 6, 2008. These depositions, according to Plaintiffs, provided them with the new information they now wish to use in amending their complaint.

Pursuant to the provisions of the Pretrial Order, discovery closed on February 8, 2008, and on February 22, 2008, both parties filed motions for summary judgment. On February 27, 2008, Plaintiffs filed this motion to amend. Plaintiffs seek to add two defendants: MedOp Services, LLC and MedOptions Behavioral Health Associates, and to

add the allegation that MedOptions and the new defendants interfered with GeriCare's noncompete agreement with Sullivan. (Proposed Amended Complaint ¶¶ 3, 23, 27, 34.)

Analysis

First and foremost, Plaintiffs' motion to amend violates the Pretrial Order. The Pretrial Order states: "After 10 days from the close of discovery, no motions shall be filed except by leave of the [Court] . . . ." Here, Plaintiffs filed their motion to amend on February 27th, 18 days after discovery closed, without requesting or receiving leave of the court to do so. The standard for review of a motion to amend when a party violates a Pretrial Order deadline is not the "freely given" Rule 15(a) standard but the more stringent "good cause" standard under Fed.R.Civ.P. 16(b). O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004). "The rationale is that application of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders." Id. at 155. "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation." Tower Ventures, Inc. v. Westfield, 296 F.3d 43, 45 (1st Cir. 2002). Rule 16(b) has no force, however, if litigants are allowed to treat the Pretrial Order as a "'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.'" O'Connell, 357 F.3d at 155. "Unlike Rule 15(a)'s 'freely given' standard, which focuses mostly on the bad faith of the moving party and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment." Id.

Here, Plaintiffs fail to show good cause. Plaintiffs' excuse for their delay in moving to amend is the discovery of new information. With regard to the tortious interference with noncompete agreement amendment, Plaintiffs claim that they first

learned that MedOptions had encouraged Sullivan to break her noncompete agreement when taking Sullivan's deposition. Sullivan's deposition took place, however, on November 5, 2007, three months before the close of discovery. With regard to the potential new defendants, Plaintiffs aver they first obtained "solid information" about these defendants at the Kinnel deposition on February 6, 2008. (Pls.' Reply 1.) Even at that point, Plaintiffs had about two weeks to move for leave to amend before the deadline for the filing of dispositive motions. Plaintiffs give no reason for their procrastination. Moreover, if the Plaintiffs really did face an impossible deadline, they had an easy solution available to them. All they had to do was request an extension. Plaintiffs also give no explanation for their failure to follow this basic rule of procedure.

Standing alone, Plaintiff's violation of the Pretrial Order without good cause is grounds to deny Plaintiffs' motion to amend. However, leaving the Pretrial Order aside, even if this Court were to consider this motion on the merits, Plaintiffs' motion would fail.

A motion to amend may be denied where the court finds "undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, or 'futility of amendment.'" See Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 71 (1st Cir. 1995) citing Foman v. Davis, 371 U.S. 178, 182 (1962). In considering whether to deny a motion to amend, the court should evaluate the "totality of the circumstances" and construct "a balance of pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006).

In this case, there is both prejudice to Defendants and undue delay on the part of Plaintiffs in moving to amend. The motion to amend was filed not only after the close of

discovery, but also after the defendants had filed their motion for summary judgment. Moreover, the fact that Defendants moved for summary judgment on February 22, 2008 was hardly a surprise to Plaintiffs since that deadline had been scheduled eight months before at a pretrial conference attended by the parties.

Allowing the complaint to be amended at this late date would force Defendants to engage in significant additional preparation. See Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 450 (1st Cir. 1995) ("It is well within a court's discretion to find prejudice where the amendment 'substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation.'"). Plaintiffs intend to add two new defendants and, more importantly, an entirely new theory: tortious interference with the noncompete agreement. Plaintiffs contend that this is not a new theory because the "wording of the original complaint was sufficiently broad to encompass the specific claim as to the interference with the relationship with Sullivan." (Plaintiff's Reply 2.) This is not the case. Both Counts II and III referenced business relationships with "facilities," which clearly does not mean the contract with Sullivan. (Complaint ¶¶ 7, 33, 36.) At the minimum, Defendants would have to consider whether to draft yet another summary judgment motion on the newly added claim of tortious interference with the noncompete agreement. See, e.g., Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4-5 (1st Cir. 1983) (finding prejudice to party opposing late-filed motion to amend even where additional discovery was not necessary; the additional claims "may well have affected defendants' planned trial strategy and tactics" and would likely have "required additional time to prepare for trial").

Accordingly, by reason of violation of the Pretrial Order, prejudice, and undue delay, Plaintiffs' motion to amend is denied.

SO ORDERED

Mary M. Lisi
United States District Judge
May 15, 2008